CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 30, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WALTER RANDOLPH NAPIER, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>PAUL C. OHAI, MD, et al., )<br>    Defendants. ) | Civil Action No. 7:23-cv-00098<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff Walter Randolph Napier, Jr., a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against more than 25 individuals employed by or associated with the Virginia Department of Corrections (VDOC), including VDOC administrators and members of the correctional and medical staff at Buckingham Correctional Center. Napier's amended complaint spans more than 100 pages and references more than 300 pages of exhibits submitted with his original complaint. Pending before the court are (1) a motion to dismiss or for a more definite statement filed by 18 individual defendants employed by the VDOC (collectively, the VDOC defendants), ECF No. 50; (2) a motion to dismiss or for a more definite statement filed by Dr. Paul Ohai, D. Bland, A Starkey, C. Boyers, and M. Stanford (collectively, the medical defendants), ECF No. 53; (3) Napier's motion to deny the defendants' motions in their entirety, ECF No. 65; and (4) the medical defendants' motion for a protective order staying discovery, ECF No. 55. The court's rulings on each motion are set forth below.

### I. Motions to Dismiss or for a More Definite Statement

The defendants argue that Napier's amended complaint should be dismissed in its entirety for failure to comply with Federal Rule of Civil Procedure 8(a). Alternatively, the defendants argue that Napier should be required to file a more definite statement of his claims against each defendant. Having reviewed the record and applicable law, the court declines to dismiss the complaint for failure to comply with Rule 8(a). The court agrees, however, that a more definite statement is necessary. Consequently, the court will grant the defendants' motion for a more definite statement and require Napier to file a second amended complaint.

To comply with federal pleading requirements, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules further provide that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and that a plaintiff must present his claims in separate paragraphs, with each paragraph "limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." Stanard v. Nygren, 658 F.3d 792, 797 (7th Cir. 2011). A pleading may fail to comply with these requirements "if it is unnecessarily complicated and verbose, or fails to provide the defendants basic notice regarding the nature of the claims and allegations against them." Adger v. Coupe, No. 21-1841, 2022 WL 777196, at *2 (3d Cir. Jan. 24, 2022) (internal quotation marks and citations omitted); see also Lowrey v. Sandoval Cnty. Children Youth and Families Dep't, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) (noting that the "sheer length of the [98-

page] complaint" made it difficult to determine precisely what material facts supported the various claims made).

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Rule 12(e) permits a party to "move for a more definite statement of a pleading" that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "While not a substitute for discovery, a Rule 12(e) motion is appropriate when a lack of notice of the claims leaves defendant[s] unable to formulate a response that both answers the allegations and asserts appropriate affirmative defenses." Ramey v. Hartman, No. 6:19-cv-00003, 2019 WL 1474011, at *1 (W.D. Va. Apr. 3, 2019) (internal quotation marks and citations omitted).

Having reviewed Napier's amended complaint, the court concludes that it fails to articulate his claims with sufficient clarity to allow each of the defendants to prepare a response. The 105-page pleading is anything but "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and it does not provide a clear description of the claims he wishes to raise against each defendant. For instance, Napier initially states that he is asserting "four (4) distinct claims" of deliberate indifference and medical negligence, which he labels as "cancer," "ENT injuries," "hypertension and the noncontinuity of medication," and "diabetic neuropathy untreated for years." Am. Compl. 9, ECF No. 47. On page 10 of the amended complaint, Napier states that "Claim No. 1" includes claims of deliberate indifference and medical negligence related to his "recurrent skin cancer," and he lists 13 defendants who he believes are "tortiously liable under Claim [No]. 1." Am. Compl. 10, ECF No. 47. However, in what appears to be the same section

of the amended complaint, Napier seeks relief against defendant A. Worrell for failing to schedule dental examinations and for cancelling a coloscopy. Id. at 17–20; see also id. at 21 (alleging that Worrell also was involved in "the continual omission, stalling and hindering of medical treatments to plaintiff for his serious and chronic diabetic nerve pain, hypertension, and ENT injuries"). Napier then lists a number of defendants who allegedly showed "deliberate indifference to [his] serious medical issues," some of whom are not included in the list of 13 defendants on page 10. See id. at 28; see also id. at 34 (alleging that "ALL OF the non-medical defendants [see caption page] tacitly authorized the prison medical providers' omission of health care") (bracketed text in original). It is thus unclear whether Napier is claiming that those defendants acted with deliberate indifference to his cancer-related issues or the other medical issues referenced in the pleading.

As another example, on page 44 of the amended complaint, Napier identifies Claims 2 through 4 by the medical ailment to which they purportedly relate. See id. at 44 ("Claim 2: Plaintiff suffers chronic ear and neck ailments . . . . Claim 3: Plaintiff had uncontrolled hypertension . . . . Claim 4: Plaintiff's untreated diabetic neuropathy caused years of pain and literal and physical suffering and duress . . . ."). In the subsequent section that includes allegations specific to certain defendants, Napier seemingly expands the scope of those claims to include complaints regarding delayed teeth cleanings and "cancer screening exams." Id. at 57–59. He also includes a subsection titled "Bell['s] Palsy or Stroke," in which he mentions for the first time that he "suffered what he has come to believe was a ministroke" that was not properly assessed or treated. Id. at 68–69. Based on the summary of claims set forth at the beginning of the amended complaint, is unclear whether Napier intended to assert separate

4

claims of deliberate indifference and medical negligence based on these allegations and, if so, which defendants he seeks to hold liable for failing to properly evaluate and treat his stroke symptoms.

In short, while specific ailments and defendants are mentioned throughout the amended complaint, it does not clearly indicate which claims are asserted against each defendant or which allegations of fact are intended to support each claim. These deficiencies, combined with the length of the complaint, make it virtually impossible for the defendants to prepare a responsive pleading. For these reasons, the court will grant the defendants' motions for a more definite statement, ECF Nos. 50 and 53, and require Napier to file a second amended complaint. In light of court's ruling on the defendants' motions, Napier's motion to deny the defendants' motions in their entirety, ECF No. 65, will be denied.

**II.     Motion for a Protective Order**

The medical defendants have filed a motion for a protective order staying discovery. In most cases, including this one, "plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it." Mujica v. AirScan Inc., 771 F.3d 580, 593 (9th Cir. 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)). Because Napier will be required to file a second amended complaint that complies with the basic pleading requirements, the court finds it appropriate to stay discovery. Accordingly, the court will grant the medical defendants' motion for a protective order, ECF No. 55, and stay discovery until the defendants have filed a response to the second amended complaint.

**III.    Conclusion and Order**

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. The motions for a more definite statement filed by the VDOC defendants and the medical defendants, ECF Nos. 50 and 53, are **GRANTED**, and Napier's motion to deny the defendants' motions in their entirety, ECF No. 65, is **DENIED**.

2. Napier is **DIRECTED** to file a second amended complaint within 30 days of the date of entry of this order. The second amended complaint must (1) clearly list and number the claims for which relief is sought; (2) clearly identify which defendants are named as to each claim; and (3) include simple and concise allegations describing how and when each defendant violated his rights.

3. The medical defendants' motion for a protective order, ECF No. 55, is **GRANTED**, and discovery is **STAYED** until the defendants have filed a response to the second amended complaint.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: August 30, 2024

Mike Urbanski
Senior U.S.District Judge
2024.08.30 10:21:54
-04'00'

Michael F. Urbanski
Senior United States District Judge

**\*\*SECOND AMENDED COMPLAINT\*\***

IN THE UNITED STATES DISTRICT COURT
Western District of Virginia

Urbanski
_____
District Judge
(Assigned by Clerk's Office)

Hoppe
_____
Mag. Referral Judge
(Assigned by Clerk's Office)

**CIVIL ACTION NO.** _____7:23-cv-00098_____
(Assigned by Clerk's Office)

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or <u>BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)</u>**

Walter Randolph Napier, Jr.                                   1153117
_____                    _____
Plaintiff Name                                                        Inmate No.
                v.

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

**IF YOU NEED TO ADD MORE DEFENDANTS, USE A SEPARATE SHEET OF PAPER, AND PUT NAME AND ADDRESS FOR EACH NAMED DEFENDANT.
TITLE THE SECOND PAGE "CONTINUED NAMED DEFENDANTS"**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A. <u>Where are you now?</u>** Name **_and_** Address of Facility:

_____

_____

**B.** Where did this action take place?

_____

**C.** Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes         _____ No

If your answer to A is Yes, answer the following:

1. Court: _____

2. Case Number: _____

**D.** Have you filed any grievances regarding the facts of this complaint?

_____ Yes         _____ No

1. If your answer is Yes, indicate the result:

_____

_____

2. If your answer is No, indicate why:

**E.** Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

_____

_____

_____

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:
(Additional Supporting Facts may be placed on a separate paper titled ADDITIONAL SUPPORTING FACTS)

_____

_____

_____

F.  State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

_____

_____

_____

G.  If this case goes to trial, do you request a trial by jury?   Yes_____   No _____

H.  If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address *after* I have been released or transferred or my case may be dismissed.

DATED:_____   SIGNATURE: _____

VERIFICATION:
I,_____, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:_____   SIGNATURE: _____

When submitting handwritten documents, leave enough space at the top, the bottom, and the sides. Those documents are scanned into the Court's database by hand, which is then the official record.

Please do not use tape or staples on documents.